IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LATASHA T. MARTIN, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 20-00165-KD-B |
| | * |
| DON DAVIS, | * |
| | * |
| Defendant. | * |

**REPORT AND RECOMMENDATION**

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 73, is before the Court on review. For the reasons set forth below, it is **RECOMMENDED** that the claims of Plaintiff, LaTasha T. Martin, be **DISMISSED** without prejudice for failure to prosecute and obey the Court's orders.

**I. BACKGROUND**

On March 19, 2020, Plaintiff, LaTasha T. Martin, proceeding *pro se*, filed a complaint seeking relief under 18 U.S.C. § 241,[1] against Defendant Judge Don Davis, a motion for leave to proceed without prepayment of fees, and a motion to appoint counsel. (Docs.

---

[1] 18 U.S.C.A. § 241 makes it unlawful for "two or more persons [to] conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States. . . ."

1, 2, 3). In an order dated March 23, 2020, the Court granted Martin's motion for leave to proceed without prepayment of fees and denied Martin's motion to appoint counsel. (Doc. 4).

In the same order, the Court advised Martin that her complaint was deficient. The Court noted that Martin was seeking to assert a claim against a sole Defendant, Judge Don Davis, a probate judge in Mobile County, Alabama, for involuntarily committing her to the psychiatric unit at Eastpointe Hospital. (Id.). The Court advised Martin that, given that her claim against Judge Davis stemmed from his judicial actions taken while acting in his capacity as probate judge, he was entitled to absolute judicial immunity from damages for those acts. (Id.). Martin was further advised that her claim against Judge Davis was frivolous as pled and, thus, was due to be dismissed. (Id.). Rather than recommending dismissal at that point, the Court afforded Martin an opportunity to plead an amended complaint that was not frivolous, that stated a claim upon which relief could be granted, and that corrected the deficiencies noted in the Court's order dated March 23, 2020. (Id.). Martin was directed to file her amended complaint by April 24, 2020, and was cautioned that failure to timely file an amended complaint would result in the Court's recommendation that this case be dismissed. (Id.). Martin failed to respond to the Court's order.

In an order dated April 28, 2020, the Court noted that no response or amended complaint had been filed by Martin, as required by the Court's order dated March 23, 2020. (Doc. 5). The Court further noted that Martin had not requested an extension of time

within which to comply with the Court's order and that the order had not been returned to the Court as undeliverable. (Id.). The Court noted that it appeared that Martin had lost interest in the instant action and directed Martin to show cause by May 27, 2020, why this action should not be dismissed for failure to prosecute and failure to obey an order of this Court. (Id.). Martin was cautioned that that failure to comply with the Court's directives would be considered an abandonment of the prosecution by Martin and would result in a recommendation that this case be dismissed for failure to prosecute and failure to comply with the Court's directives, without further notice.

To date, there has been no response by Martin to either of the Court's orders. Notably, Martin has not requested an extension of time within which to comply with the Court's orders, nor have the orders been returned to the Court as undeliverable. Based on the foregoing, it appears that Martin has lost interest in this litigation, and, as such, it is recommended that the instant action be dismissed.

**II. DISCUSSION**

"District courts possess inherent power to sanction errant litigants before them[,]" including the power to dismiss an action for failure to prosecute. Bolar v. Southern Intermodal Express, 2018 U.S. Dist. LEXIS 158788, *5, 2018 WL 5116539, *2 (S.D. Ala. Sept. 17, 2018), *report and recommendation adopted sub nom.,* 2018 U.S. Dist. LEXIS 179588, *2, 2018 WL 5116093 (S.D. Ala. Oct. 19, 2018) (quoting Hudson v. Cardwell Corp., 2006 WL 2135791, *1, 2006

3

U.S. Dist. LEXIS 55306 at *3 (S.D. Ala. July 27, 2006)). While "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a *pro se* litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., Brown v. Tallahassee Police Dep't, 205 Fed. Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order.). Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule."). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id.; see also Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) ("[A] court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."); Smith v. HSBC Bank USA, Nat'l Ass'n, 679 Fed. Appx. 876, 879 (11th Cir.

4

2017)("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits.") (citation omitted).

In the instant action, the Court has afforded Martin two opportunities, over a three-month period, to file an amended complaint correcting the fatal deficiencies in her original complaint, and she has failed to do so. The Court made it clear in its order dated April 28, 2020, that failure to comply with the Court's repeated directives would result in a recommendation of dismissal of Martin's claim. (Doc. 5). Martin has filed nothing in response. Thus, the Court recommends that this action be dismissed without prejudice for failure to obey the orders of the Court and failure to prosecute. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)(As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion); Zow v. Regions Fin. Corp., 595 Fed. Appx. 887, 889 (11th Cir. 2014) (11th Cir. 2014)(if a party disregards an order despite being warned of the possible consequences, dismissal is generally not an abuse of discretion); Tanner v. Neal, 232 Fed. Appx. 924 (11th Cir. 2007)(affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); accord Kelly v. Tipton, 2015

U.S. Dist. LEXIS 24088, *3, 2015 WL 845959, *2 (S.D. Ala. Feb. 26, 2015).

**III. Conclusion**

Based on the foregoing, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with the Court's directives.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(c). The parties should note that, under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In

order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this the **22nd** day of **June, 2020.**

                                                  **/s/ SONJA F. BIVINS**
                                          **UNITED STATES MAGISTRATE JUDGE**